Caldwell, Ch.
delivered the opinion of the Court.
From the statement made in the defendant’s brief, we cannot separate the testimony of the witnesses so as to ascertain what weight ought to be given to the testimony of Wm. C. Footman, the husband of Maria H. Footman, who is one of the plaintiffs: the case must therefore be sent back to the Circuit Court. As the question has been made by the parties, whether the husband, (who is one of the defendants,) is a competent witness on the part of the plaintiff, we have deemed proper to decide it. Although no other relation is excluded, *323 it is a well established general rale, that the husband or wife cannot testify for or against each other, either in civil or crim-, iual proceedings: to this, there are several exceptions, but we are not satisfied that in this case the husband can come within any of them.
onEv. 77, 81. 1 Bur. 428.
10 Pick. 261,
4 Term, 678.
Hopkins v. Smith, J. J. Marshall Rep. 263.
5 Russ. 19.
Bland v. Sur- ^ násier" 1 Ry. & M. -^il. ¿roTe'^ T¡_ rellton; Áve-nallJ92." '
In Wyndham v. Chetwynd, the Court, relying upon the de-cisión in Hilliard v. Jennings, held that a husband could not be a witness for the wife, on a question touching her separate estate. But the decisions have not been uniform upon this subject. In Richardson v. Learned, which appears to have been a well considered case, the Court came to the conclusion that the husband was a competent witness, under the following circumstances: the plaintiff, who was trustee of the wife, brought an action of covenant to recover money in trust for her sole and separate use; the wife had a general power of appointment, and the property, if recovered by the plaintiff, would be held by him subject to her direction and appointment, without the control of her husband, who could have nothing but a contingent interest in the suit; and the Court therefore held that the husband was admissible as a witness .for the plaintiff.
The case of Davis v. Dinwiddy appears to have a strong analogy to the case under consideration: that ivas an action brought by the executor of a surviving trustee under a marriage settlement, to recover the value of certain goods which had been sold by the defendant, as sheriff, under an execution aginst the husband of the cestuique trust; the husband was offered on the part of the plaintiff to prove the identity of the goods, and in this respect his testimony would have been against his own interest, (as he would still be liable for the debt, which would otherwise be satisfied by the sale of the goods,) yet the Court held that he was incompetent, as his testimony directly affected his wife’s interest. ‘
The same principle was recognised and applied by Sir John Leach, in the case of Gregg v. Taylor, and he lays down the rule broadly, that it makes no difference whether the interest of the husband or wife, to be affected by the testimony, is legal or equitable. Indeed so far has this principle been extended, and so strongly has it been supported, with a view of removing all distrust, and of establishing the most unlimited confidence between husband and wife, as well promoting the most perfect union of their interests and affections, the Courts have held, that even after the parties have been separated by a divorce dissolving the marriage for adultery, they are incompetent to give evidence of what occurred during the marriage. Even the death of one of the does not render the survivor competent.
Independently, therefore, of the interest of the parties, it would seem that the peace of families and public policy are *324 sufficient grounds upon which the principle should be esta-that the husband or wife should be excluded from giving evidence in a case where either the legal or equitable interest of the other is involved in the issue.
It is ordered and decreed that this case be remanded to the Circuit Court for rehearing.
The whole Court concurred.
Case remanded.